## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 15375 MEMORIAL CORPORATION, *et al.*, | ) | |
| | ) | Case No. 06-10859 (KG) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| ──────────────────── | ) | |
| | ) | |
| SANTA FE MINERALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 06-50822 (KG) |
| | ) | |
| BEPCO, L.P., formerly known as BASS | ) | |
| ENTERPRISES PRODUCTION COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| GLOBALSANTAFE CORPORATION, | ) | |
| GLOBALSANTAFE CORPORATE | ) | |
| SERVICES, INC. AND ENTITIES | ) | |
| HOLDINGS, INC., | ) | |
| | ) | |
| Intervenors. | ) | |
| ──────────────────── | ) | |

### NOTICE OF APPEAL

BEPCO, L.P, f/k/a Bass Enterprises Production Company appeals under 28 U.S.C. § 158(a) from:

(1)    the Memorandum Opinion on Reargument (Bankr. D.I. 323; Adv. D.I. 193) (the "Opinion"), attached hereto as Exhibit A, entered in the above-captioned bankruptcy case and adversary proceeding on April 16, 2008; and

(2)    the Order (Bankr. D.I. 324; Adv. D.I. 194) (the "Order"), attached hereto

as Exhibit B, entered in the above-captioned bankruptcy case and

adversary proceeding on April 16, 2008.

The names of the parties to the Opinion and Order appealed from, and the names,

addresses and telephone numbers of their respective attorneys are as follows:

| PARTY | ATTORNEYS |
|---|---|
| BEPCO, L.P., f/k/a Bass Enterprises Production Company | Morris Nichols Arsht & Tunnell LLP<br>Gregory W. Werkheiser<br>Kelly M. Dawson<br>1201 N. Market Street, 18th Floor<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>-and-<br><br>Carver Darden Koretzky Tessier<br>Finn Blossmann & Areaux, L.L.C.<br>M. Hampton Carver<br>Leann Opotowsky Moses<br>1100 Poydras Street, Suite 2700<br>New Orleans, LA 70163<br>Telephone: (504) 585-3800<br>Fax: (504) 585-3801 |
| Santa Fe Minerals, Inc.<br><br>-and-<br><br>15375 Memorial Corporation | Stevens & Lee, P.C.<br>John D. Demmy<br>1105 North Market Street, 7th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 654-5180<br>Fax: (302) 654-5181<br><br>-and-<br><br>Stevens & Lee, P.C.<br>John C. Kilgannon<br>Marnie E. Simon<br>1818 Market Street, 29th Floor<br>Philadelphia, PA 19103 |

Telephone:  (215) 575-0100
Fax:  (215) 851-0214

GlobalSantaFe Corporation

-and-

GlobalSantaFe Corporate Services, Inc.

-and-

Entities Holding, Inc.

Womble Carlyle Sandridge & Rice PLLC
Francis A. Monaco, Jr.
Kevin J. Mangan
222 Delaware Avenue, 15th Floor
Wilmington, DE 19801
Telephone: (302) 252-4320
Fax: (302) 252-4330

-and-

Locke Lord Bissell & Liddell, LLP
Philip Eisenberg
Mark Chavez
3400 JP Morgan Chase Tower
600 Travis
Houston, TX 77002
Telephone: (713) 226-1200
Fax: (713) 223-3717

Dated: Wilmington, Delaware
        April 28, 2008

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____

Gregory W. Werkheiser (No. 3553)
Kelly M. Dawson (No. 4786)
1201 Market Street
P. O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 351-9229
Fax: (302) 658-3989

-and-

CARVER DARDEN KORETZKY TESSIER FINN
BLOSSMANN & AREAUX, L.L.C.
M. Hampton Carver (LA #4546)
Leann Opotowsky Moses (LA #19439)
1100 Poydras Street, Suite 2700
New Orleans, LA 70163
Telephone: (504) 585-3800
Fax: (504) 585-3801

Co-Counsel for BEPCO, L.P., formerly known
as Bass Enterprises Production Company

2305365.1

3

# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 15375 MEMORIAL CORPORATION, et al., | ) | Case No. 06-10859(KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| _____ | ) | **Re Dkt. Nos. 296 & 299** |
| SANTA FE MINERALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 06-50822(KG) |
| | ) | |
| BEPCO, L.P., formerly known as BASS | ) | |
| ENTERPRISES PRODUCTION COMPANY, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| GLOBALSANTAFE CORPORATION, | ) | |
| GLOBALSANTAFE CORPORATE SERVICES | ) | |
| INC. AND ENTITIES HOLDING, INC. | ) | |
| | ) | |
| Intervenors. | ) | **Re Dkt No. 169 & 172** |

## <u>MEMORANDUM OPINION ON REARGUMENT</u>[1]

**BY:   KEVIN GROSS, UNITED STATES BANKRUPTCY JUDGE**

The Court has before it motions for reconsideration and clarification of its Findings of Fact and Conclusions of Law and Order, dated February 15, 2008 ("the Decision") (D.I. 291/164 & 292/165).  The numerous pleadings presently before the Court and which are the subject of this opinion are:

---

[1]  This Memorandum Opinion constitutes the findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052.

(1) Debtors' Motion for (I) Under Fed.R.Bankr. P. 7052, 9023 and 9024 Clarification and/or Reconsideration and/or Amendment of the Court's February 15, 2008, Findings of Fact and Conclusions of Law and Related Order; and (II) Under Fed.R.Bankr. P. 7062 and 8005, for Entry of an Order Staying Effectiveness of the Court's Findings of Fact and Conclusions of Law and Related Order Pending Resolution of this Motion and/or and Related Appeal (D.I. 296/169) ("Debtors' Motion for Clarification").[2]

(2) The GSF Entities Motion for Joinder in Debtors' Motion for Clarification (D.I. 298/171).

(3) Motion of BEPCO, L.P., f/k/a Bass Enterprises Production Company for Entry of an Order (I) Granting Reconsideration, In Part, of the Court's Opinion and Order, Each Dated February 15, 2008; (II) Upon Reconsideration, (A) Vacating that Portion of the Opinion and Order Denying the BEPCO Dismissal/Conversion Motion and (B) Amending the Opinion and Order to Grant the Relief Requested in the BEPCO Dismissal/Conversion Motion and (III) Granting Related Relief (D.I. 299/172) ("BEPCO's Reconsideration Motion").

(4) Responses (D.I. 304/176, 305/177, 306/178, 311/183, 312/183, 312/184, 313/185).

(5) Letter memoranda addressing the forum issue described below (D.I. 303/175, 308/180, 315/187, 319/190, 321/191).

---

[2] At oral argument, BEPCO agreed to await the Court's reargument decision before proceeding with a lawsuit against Debtors and/or the GSF Entities. The Court has therefore not addressed the request for a stay of the effect of the Decision.

2

The Court agrees with the parties that the Decision warrants the Court's reconsideration and clarification discussed below. In addition, the parties have addressed the Court's request for their views on which forum is appropriate for the litigation which the Court ruled may proceed. The Court will also address the forum issue in this ruling.[3]

## Reconsideration Standard

In our Circuit, motions for reconsideration are appropriate where necessary to correct errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). *Accord, Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147, 167 (2d Cir. 2003). This Court has articulated the standard as follows:

> A motion for reconsideration . . . is an extraordinary means of relief in which the movant must do more than simply reargue the facts of the case or legal underpinnings.

*HHCA Texas Health Servs., L.P. v. LHS Holdings, Inc. (In re Home Health Corp. of Am., Inc.)*, 268 B.R. 74, 76 (Bankr. D. Del. 2001). The moving party must instead raise controlling decisions or facts that the court overlooked and "'that might reasonably be expected to alter the conclusion reached by the court'." *Key Mech. Inc. v. BDC 56 LIV (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

---

[3] The Court will utilize the terms defined in the Decision.

**DISCUSSION**

In the Decision, the Court denied the BEPCO Dismissal/Conversion Motion and granted the BEPCO Stay Relief Motion, thereby lifting the automatic stay to permit BEPCO to proceed with litigation against the Debtors ("the Proposed Lawsuit"). The Court asked the parties to submit their views on where the Proposed Lawsuit should proceed, i.e., in this Court or in Louisiana where BEPCO and Debtors had been defendants in the Tebow Action. The Court will address BEPCO's Motion for Reconsideration, Debtors, and the GSF Entities' Motion for Clarification of portions of the Decision and, finally, decide the forum where the Proposed Lawsuit may proceed.

### 1. BEPCO's Reconsideration Motion

The Court is satisfied that BEPCO has met the requirements for reconsideration of the Decision, *viz.*, to correct errors of law or fact. Accordingly, the Court will grant BEPCO's Motion for Reconsideration to reconsider the points BEPCO raises concerning deficiencies in the Decision.

The essence of BEPCO's arguments are:

1. The Court focused entirely on whether Debtors filed the Bankruptcy Cases in good faith and failed sufficiently to consider the "cause" argument under Code Section 1112(b)(4)(A).

2. The Court's finding that the Debtors filed the cases in good faith is clearly erroneous, resulting from the Court's failure to consider BEPCO's argument that dismissal

3

is warranted not only because Debtors filed in bad faith but, equally important, that Debtors have no material assets to preserve and distribute to creditors. BEPCO further argues that the Court misapprehended that its primary ground for dismissal is that the Bankruptcy Cases "have no reasonable prospect of making more value available to creditors than would be the case outside of bankruptcy and merely serve to frustrate legitimate creditor action." BEPCO FOF/COL, Col12.

BEPCO's criticism[4] of the Decision is fair. The Court did not address with sufficient particularity BEPCO's argument that the Bankruptcy Cases serve no purpose and therefore the Court should dismiss them. Instead, the Court principally focused on whether the Debtors' filing was in bad faith. BEPCO's Reconsideration Motion provides the opportunity to apply the Court's findings of fact and conclusions of law to BEPCO's cause argument.

BEPCO argues that the Court's analysis failed to take into account Section 1112(b) in its entirety. The statute provides in its pertinent portions that a court *shall* convert or dismiss a case if a movant establishes *cause*. The statute defines "cause" to include:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.

---

[4] Although the Court's uses the word "criticism," BEPCO, Debtors and the GSF Entities presented their arguments with respect, professionalism and appropriate forcefulness to command the Court's attention. The Court is grateful for the opportunity to address concerns and to correct its errors and/or lack of clarity. It is important that the Bankruptcy Cases proceed in an orderly fashion. However, the Court was surprised by BEPCO's pointed admonition that the Court should "carefully consider the motion . . . ." (BEPCO's Reconsideration Motion at 11). The Court carefully considers all matters that come before it. The voiced threat of an appeal therefore cannot increase that which is already paramount, namely, the Court's existing concern and sense of responsibility for its work.

4

11 U.S.C. § 1112(b)(4)(A). The mandated dismissal for "cause" is discretionary under Section 1112(b)(2)(B) which excuses dismissal if there is "a reasonable justification for the act or omission," and the act or omission will be cured within a reasonable time. Importantly, however, there is no escape from dismissal if the "cause" arises under Section 1112(b)(4)(A), in which case the court "shall dismiss."

The Court does not take BEPCO's arguments for dismissal lightly. The Court found that Debtors had negative cash flow and were unable to pay current expenses. Decision at 46, 47-48. The Court further concluded that the Debtors' cash situation was poor and they did not have reliable sources of income. *Id.* Under the circumstances, the Court found that the costs and expenses of the Bankruptcy Cases, including the professional fees, represent a "substantial [and] continuing loss to or diminution of the estate." Section 1112(b)(4)(A). In addition, the Debtors do not have a "reasonable likelihood of rehabilitation." *Id.* They are non-operating entities that were resuscitated from state dissolution proceedings to file for bankruptcy.

The Court agrees with BEPCO that rehabilitation is not just another word for reorganization, it means more. Rehabilitation does not include liquidation. Rehabilitation means to reestablish a business. *See, e.g., Loop Corp. v. U.S. Tr.*, 379 F.3d 511, 515-16 (8th Cir. 2004) (rehabilitation means the restoration of a business' viability, liquidation is not rehabilitation.) There are numerous similar holdings from courts in many jurisdictions. The Debtors and the GSF Entities have cited no contrary authorities.

5

The analysis does not end with the "for cause" test under Section 1112(b)(4)(A), where "shall" would appear to mandate dismissal of the Bankruptcy Cases. The Court has discretion under Code Section 1112(b)(1) if the Court specifically finds and identifies special circumstances upon which it determines that dismissal is not in the best interests of the creditors and the estate. The Court's denial of the motion to dismiss rests upon this provision and it is here that the Court did not articulate its findings in the Decision.

It is important to emphasize the context of the Bankruptcy Cases. The continuing losses, diminution of the estate and unlikelihood of rehabilitation are, practically speaking, irrelevant for reasons as as obvious as they are unusual. The Debtors are not operating and are not sustaining continuing losses. Creditors are not being prejudiced by the continuation of the Bankruptcy Cases. On the positive side, and the statute requires a finding of "best" interests[5], the creditors' best interests are served by sustaining the Bankruptcy Cases.

Specifically, the record establishes that in the course of the Bankruptcy Cases the Debtors have accomplished the following benefits for creditors:

1.      In the Insurance Review Program, the Debtors have identified insurance policies which will inure to the benefit of the claimants, including BEPCO.

2.      Debtors have given and continue to give notice of claims to insurers for the benefit of creditors.

---

[5] The Third Circuit has made it crystal clear that the absence of bad faith does not automatically translate into good faith. *NMSBPCSLDHP, L.P. v. Integrated Telecom Express, Inc.* (*In re Integrated Telecom Express, Inc.*), 384 F.3d 108, 127 (3d Cir. 2004).

6

3.      Debtors have preserved claims for indemnity and defense costs relating to the Tebow Action.

4.      Debtors have obtained dismissal of litigation or claims from which they otherwise might have been damaged.

The foregoing activities are efforts by Debtors, who continue to marshal and preserve assets and benefit creditors.  In addition, if BEPCO is successful in establishing *alter ego* status between Debtors and the GSF Entities, all creditors will benefit, not just BEPCO.

BEPCO pointedly refutes the benefits of Debtors' Insurance Program and suggests that the Court was badly mistaken in accepting Debtors' arguments.  The Insurance Review Program has reaped benefits for creditors and the estate and Debtors continue, as they were at the time of trial, to refine information and maintain coverage.  BEPCO's dissatisfaction with Debtors' actions to make insurance available to it and other creditors is unfounded as evidenced by BEPCO's own discussion of the coverage from which BEPCO will benefit.

The Court has carefully considered the Third Circuit's holding in *Integrated Telecom*, a leading case involving dismissal for cause.  384 F.3d at 112.  The Decision is not inconsistent with that ruling.  The debtor in *Integrated Telecom*, like the Debtors, was not an operating company and had no going concern value to preserve.  *Id.*  The Third Circuit then observed that "the question therefore becomes whether [debtor's] petition might reasonably have maximiz[ed] the value of the bankruptcy estate." (citation omitted).  The appellate court answered the question within the framework that maximizing value means "there is some

7

value that otherwise would be lost outside of bankruptcy. *Id.* at 120.[6] The Court of Appeals

analyzed what the debtor advanced as the benefits from the bankruptcy (in particular, an asset

sale) and found they were not significant. The Third Circuit's premise that the bankruptcy

lacked good faith was firmly linked to the Third Circuit's conclusion that:

> The Bankruptcy Court made no finding that [debtor] was subject
> to "inchoate" claims that needed to be liquidated or barred. . . .

*Id.* at 127. The Court of Appeals therefore ruled that Chapter 11 protection was not

necessary to protect the debtor from claims. *Id.*

Here, in contrast, the BEPCO claim and others are claims from which Debtors have

requested protection. Their bankruptcies have also provided them with breathing space

which Debtors have used to establish that they have insurance protection which benefits

Debtors and creditors. Debtors also have gone beyond an inventory of their policies; they

have triggered coverage.

An important consideration for the Court in denying the Motion to Dismiss was the

fact that Debtors filed a Joint Plan of Liquidation (D.I. 222). Section 1112(a)(2)(A)

specifically provides that the reasonable likelihood that a plan will be confirmed is, in

combination with other factors, a basis for the Court not to dismiss the Bankruptcy Case. It

is true that the Plan, as filed, is not confirmable because of its condition that BEPCO not

obtain relief from the automatic stay. A revised plan is therefore necessary. The Court

---

[6] Significantly, the Third Circuit cited, with approval, *Solow v. PPI Enters. (U.S.), Inc.* (*In re PPI Enters. (U.S.), Inc.*), 324 F.3d 197 (3d Cir. 2001), in which the court affirmed denial of dismissal even though the debt was owed to the debtor's parent companies.

8

believes there is a reasonable likelihood that a revised plan can be confirmed and, in any event, the Court is unable and unwilling to find that Debtors will be unable to propose a confirmable plan.

## 2. Debtors' and the GSF Entities' Motions for Clarification

The Debtors and the GSF Entities have requested the Court to clarify the Decision in several respects. The Court is more than willing to assist in avoiding misperceptions which might lead to unnecessary work, time or expense for the parties, or confusion in the Proposed Lawsuit or to an appellate court.

### A. Did the Court intend to permit BEPCO to pursue Memorial in the Proposed Lawsuit?

No. Santa Fe was the named defendant in the Tebow Action. Memorial's potential liability remains to be determined in BEPCO's *alter ego* claim. BEPCO insists that it is entitled to proceed against Memorial on the basis of the Demand Note whereby Memorial agreed to be liable for Santa Fe's debts. The Demand Note does not create Memorial's direct liability to third parties such as BEPCO, nor is there any evidence that Santa Fe and Memorial intended to create third party beneficiary rights. *See Guardian Constr. Co. v. Tetra Tech Richardson, Inc.*, 583 A.2d 1378 (Del. Super. Ct. 1990) (nonparties to a contract do not acquire rights under the contract); *Insituform of N. Am. Inc. v. Chandler*, 534 A.2d 257 (Del. Ch. 1987) (third party beneficiary rights require intent to create such rights, intent to benefit the third party in consideration of a preexisting obligation and the benefit was a material term of the contract).

9

B.    Is Debtors' Declaratory Judgment Action on the *alter ego* claims viable?

Yes.  The issue of whether Debtors' estate rather than Bass owns the *alter ego* claims remains to be decided in full.

C.    Did the Court Intend to Rule on the Underlying Merits of the Bass Claims?

No.  The Court addressed two matters in the Decision: the Motion to Dismiss and the Motion to Lift Stay.  The merits of BEPCO's claims were not before the Court and the Court went out of its way in the Decision to make it clear that the Court was not involved in a merits analysis.  Clearly, the Court confined itself to determining whether BEPCO could proceed with an action, not with making findings for use in the litigation.  The Court's findings were limited to deciding if BEPCO satisfied the "prima facie" case requirement to lift the stay.  Similarly, the Court did not have the *alter ego* issue before it and the Court's findings are not directed toward the Declaratory Judgment Action.

### 3. The Proper Forum

The Court ruled in the Decision that BEPCO is entitled to commence litigation against Debtors to recover for losses from the Tebow Action.  The Court deferred decision on the appropriate forum for BEPCO's Proposed Lawsuit to permit the parties to state their positions.

The Court is convinced that the litigation should proceed in a non-bankruptcy forum of BEPCO's choosing, which is Louisiana.  The claims involve state law issues addressing liability for contamination of groundwater and soil in Louisiana.  As such, Louisiana has a

10

compelling interest in such litigation, contrary to Debtors' and the GSF Entities' effort to characterize the matter as merely a two party dispute. The Tebow Action was also a case involving private litigants. No one could fairly deny Louisiana's interest in the Tebow Action. The Proposed Lawsuit will, by necessity, explore the impact of Santa Fe's use of its lease on Louisiana natural resources.[7]

Yet another consideration compelling the Court to allow the Proposed Lawsuit to proceed in Louisiana is the applicability of the Louisiana Civil Code. This Court is certainly capable of interpreting and applying this unique body of law, but does not possess the knowledge on the unique Louisiana Civil Code.[8]

BEPCO's citation to *In re Titan Energy Inc.*, 837 F.2d 325 (8th Cir. 1988) is persuasive. Butcher Capital Markets, Inc. ("Butcher") had purchased production facilities from Titan Energy, Inc. ("Titan"). Butcher sued Titan's insurer under Louisiana's statute allowing direct actions against insurers, claiming the facilities it purchased were defective. Butcher then filed for bankruptcy and the insurer sought relief from the bankruptcy court to enjoin Butcher's Louisiana state court action on grounds which included its claim that the policies were property of Titan's estate. The bankruptcy court refused to enjoin Butcher and

---

[7] An analysis, and application of the facts using *forum non conveniens* standards also favors Louisiana as the proper forum. *See Son v. Coal Equity, Inc. (In re Centennial Coal, Inc.)* 282 B.R. 140, 144 (Bankr. D. Del. 2002) (twelve factor test).

[8] Bankruptcy courts should defer to state courts where state law issues predominate. *Official Comm. of Unsecured Creditors v. Elkins (In re Integrated Health Servs. Inc.)*, 291 B.R. 615, 620 (Bankr. D. Del. 2003).

11

instead abstained.  The Eighth Circuit agreed that the bankruptcy court's abstention ruling was correct.  Only Butcher was making a claim for the insurance proceeds, and Titan was beyond rehabilitation and the litigation would therefore not delay Titan's return to business.  More importantly, the Eighth Circuit decided that because the suit required application of state law contract law, it was best to allow that state's courts to rule. The court concluded that:

> Because the [insurance] policies primarily benefit Butcher, and because no other parties have asserted claims alleging coverage, the validity and scope of the policies may be adjudicated in state court without fear that other creditors or Titan itself will be irreparably harmed.

*Id.* at 333.  The same is true of BEPCO's claim and the Proposed Lawsuit will not have ramifications for other creditors.

The parties have raised a myriad of issues in their imaginative and exponentially growing donnybrook. The bottom line is this: BEPCO's lawsuit should proceed in Louisiana against Santa Fe.  If Santa Fe prevails, the parties can return to this Court for the resolution of issues such as punitive damages (mere speculation at this point) and whether Memorial is liable under the Demand Note.  Furthermore, the Court will have resolved the *alter ego* issues by that time.

12

## **CONCLUSION**

The Court has reconsidered and clarified the Decision.  The Court will not dismiss the

Bankruptcy Cases and will permit the Proposed Lawsuit to proceed in Louisiana.  An order

consistent with this opinion will issue.


Dated: April 16, 2008

UNITED STATES BANKRUPTCY JUDGE

13

# Exhibit B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 15375 MEMORIAL CORPORATION, et al., | ) | Case No. 06-10859(KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| _____ | ) | **Re Dkt. Nos. 296 & 299** |
| SANTA FE MINERALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 06-50822(KG) |
| | ) | |
| BEPCO, L.P., formerly known as BASS | ) | |
| ENTERPRISES PRODUCTION COMPANY, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| GLOBALSANTAFE CORPORATION, | ) | |
| GLOBALSANTAFE CORPORATE SERVICES | ) | |
| INC. AND ENTITIES HOLDING, INC. | ) | |
| | ) | |
| Intervenors. | ) | **Re Dkt No. 169 & 172** |

## <u>ORDER</u>

This matter came before the Court on (1) Debtors' Motion for (I) Under Fed.R.Bankr.

P. 7052, 9023 and 9024 Clarification and/or Reconsideration and/or Amendment of the

Court's February 15, 2008, Findings of Fact and Conclusions of Law and Related Order; and

(II) Under Fed.R.Bankr. P. 7062 and 8005, for Entry of an Order Staying Effectiveness of

the Court's Findings of Fact and Conclusions of Law and Related Order Pending Resolution

of this Motion and/or and Related Appeal (D.I. 296/169); (2) Motion of BEPCO, L.P., f/k/a

Bass Enterprises Production Company for Entry of an Order (I) Granting Reconsideration,

In Part, of the Court's Opinion and Order, Each Dated February 15, 2008; (II) Upon Reconsideration, (A) Vacating that Portion of the Opinion and Order Denying the BEPCO Dismissal/Conversion Motion and (B) Amending the Opinion and Order to Grant the Relief Requested in the BEPCO Dismissal/Conversion Motion and (III) Granting Related Relief (D.I. 299/172); (3) The GSF Entities Motion for Joinder in Debtors' Motion for Clarification (D.I. 298/171) and (4) Letter memoranda addressing the forum issue (D.I. 303/175, 308/180, 315/187, 319/190, 321/191).

For the reasons provided in the Memorandum Opinion on Reargument, IT IS ORDERED that:

1.    The Court grants reargument and reconsideration pursuant to Rules 7052 and 9023 of the Federal Rules of Bankruptcy Procedure and Rules 59 and 60 of the Federal Rules of Civil Procedure.

2.    The Court denies BEPCO's request (a) to vacate those portions of the Opinion and Order, dated February 15, 2008, which denied the BEPCO Dismissal/Conversion Motion, and (b) to amend the Opinion and Order to grant BEPCO's Dismissal/Conversion Motion.

3.    Debtors' and the GSF Entities' request for clarification has been addressed in the Memorandum Opinion on Reargument.

2

4.     BEPCO is granted leave to proceed with the litigation which the Court authorized by granting the Lift Stay Motion in Louisiana state court against Santa Fe Minerals, Inc., but not against 15375 Memorial Corporation at this time.

5.     The Court directs the parties to submit a stipulation and order scheduling the completion of briefing on the GSF Entities motion for summary judgment in the declaratory judgment adversary proceeding.

Dated: April 16, 2008

_Kevin Gross_

KEVIN GROSS, U.S.B.J.

3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 15375 MEMORIAL CORPORATION, et al., | ) | Case No. 06-10859(KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| _____ | ) | **Re Dkt. Nos. 296 & 299** |
| SANTA FE MINERALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 06-50822(KG) |
| | ) | |
| BEPCO, L.P., formerly known as BASS | ) | |
| ENTERPRISES PRODUCTION COMPANY, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| GLOBALSANTAFE CORPORATION, | ) | |
| GLOBALSANTAFE CORPORATE SERVICES | ) | |
| INC. AND ENTITIES HOLDING, INC. | ) | |
| | ) | |
| Intervenors. | ) | **Re Dkt No. 169 & 172** |

## <u>ORDER</u>

This matter came before the Court on (1) Debtors' Motion for (I) Under Fed.R.Bankr.

P. 7052, 9023 and 9024 Clarification and/or Reconsideration and/or Amendment of the

Court's February 15, 2008, Findings of Fact and Conclusions of Law and Related Order; and

(II) Under Fed.R.Bankr. P. 7062 and 8005, for Entry of an Order Staying Effectiveness of

the Court's Findings of Fact and Conclusions of Law and Related Order Pending Resolution

of this Motion and/or and Related Appeal (D.I. 296/169); (2) Motion of BEPCO, L.P., f/k/a

Bass Enterprises Production Company for Entry of an Order (I) Granting Reconsideration,

In Part, of the Court's Opinion and Order, Each Dated February 15, 2008; (II) Upon
Reconsideration, (A) Vacating that Portion of the Opinion and Order Denying the BEPCO
Dismissal/Conversion Motion and (B) Amending the Opinion and Order to Grant the Relief
Requested in the BEPCO Dismissal/Conversion Motion and (III) Granting Related Relief
(D.I. 299/172); (3) The GSF Entities Motion for Joinder in Debtors' Motion for Clarification
(D.I. 298/171) and (4) Letter memoranda addressing the forum issue (D.I. 303/175, 308/180,
315/187, 319/190, 321/191).

For the reasons provided in the Memorandum Opinion on Reargument, IT IS
ORDERED that:

1.     The Court grants reargument and reconsideration pursuant to Rules 7052 and
9023 of the Federal Rules of Bankruptcy Procedure and Rules 59 and 60 of the Federal Rules
of Civil Procedure.

2.     The Court denies BEPCO's request (a) to vacate those portions of the Opinion
and Order, dated February 15, 2008, which denied the BEPCO Dismissal/Conversion
Motion, and (b) to amend the Opinion and Order to grant BEPCO's Dismissal/Conversion
Motion.

3.     Debtors' and the GSF Entities' request for clarification has been addressed in
the Memorandum Opinion on Reargument.

2

4.     BEPCO is granted leave to proceed with the litigation which the Court authorized by granting the Lift Stay Motion in Louisiana state court against Santa Fe Minerals, Inc., but not against 15375 Memorial Corporation at this time.

5.     The Court directs the parties to submit a stipulation and order scheduling the completion of briefing on the GSF Entities motion for summary judgment in the declaratory judgment adversary proceeding.

Dated: April 16, 2008

KEVIN GROSS, U.S.B.J.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 15375 MEMORIAL CORPORATION, et al., | ) | Case No. 06-10859(KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| _____ | ) | **Re Dkt. Nos. 296 & 299** |
| SANTA FE MINERALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 06-50822(KG) |
| | ) | |
| BEPCO, L.P., formerly known as BASS | ) | |
| ENTERPRISES PRODUCTION COMPANY, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| GLOBALSANTAFE CORPORATION, | ) | |
| GLOBALSANTAFE CORPORATE SERVICES | ) | |
| INC. AND ENTITIES HOLDING, INC. | ) | |
| | ) | |
| Intervenors. | ) | **Re Dkt No. 169 & 172** |

<u>**MEMORANDUM OPINION ON REARGUMENT**</u>[1]

**BY:  KEVIN GROSS, UNITED STATES BANKRUPTCY JUDGE**

The Court has before it motions for reconsideration and clarification of its Findings

of Fact and Conclusions of Law and Order, dated February 15, 2008 ("the Decision") (D.I.

291/164 & 292/165).  The numerous pleadings presently before the Court and which are the

subject of this opinion are:

---

[1]  This Memorandum Opinion constitutes the findings of fact and conclusions of law required by
Federal Rule of Bankruptcy Procedure 7052.

(1) Debtors' Motion for (I) Under Fed.R.Bankr. P. 7052, 9023 and 9024 Clarification and/or Reconsideration and/or Amendment of the Court's February 15, 2008, Findings of Fact and Conclusions of Law and Related Order; and (II) Under Fed.R.Bankr. P. 7062 and 8005, for Entry of an Order Staying Effectiveness of the Court's Findings of Fact and Conclusions of Law and Related Order Pending Resolution of this Motion and/or and Related Appeal  (D.I. 296/169) ("Debtors' Motion for Clarification").[2]

(2) The GSF Entities Motion for Joinder in Debtors' Motion for Clarification (D.I. 298/171).

(3)  Motion of BEPCO, L.P., f/k/a Bass Enterprises Production Company for Entry of an Order (I) Granting Reconsideration, In Part, of the Court's Opinion and Order, Each Dated February 15, 2008; (II) Upon Reconsideration, (A) Vacating that Portion of the Opinion and Order Denying the BEPCO Dismissal/Conversion Motion and (B) Amending the Opinion and Order to Grant the Relief Requested in the BEPCO Dismissal/Conversion Motion and (III) Granting Related Relief (D.I. 299/172) ("BEPCO's Reconsideration Motion").

(4) Responses (D.I. 304/176, 305/177, 306/178, 311/183, 312/183, 312/184, 313/185).

(5) Letter memoranda addressing the forum issue described below (D.I. 303/175, 308/180, 315/187, 319/190, 321/191).

---

[2]  At oral argument, BEPCO agreed to await the Court's reargument decision before proceeding with a lawsuit against Debtors and/or the GSF Entities.  The Court has therefore not addressed the request for a stay of the effect of the Decision.

The Court agrees with the parties that the Decision warrants the Court's reconsideration and clarification discussed below. In addition, the parties have addressed the Court's request for their views on which forum is appropriate for the litigation which the Court ruled may proceed. The Court will also address the forum issue in this ruling.[3]

## **Reconsideration Standard**

In our Circuit, motions for reconsideration are appropriate where necessary to correct errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). *Accord, Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147, 167 (2d Cir. 2003). This Court has articulated the standard as follows:

> A motion for reconsideration . . . is an extraordinary means of relief in which the movant must do more than simply reargue the facts of the case or legal underpinnings.

*HHCA Texas Health Servs., L.P. v. LHS Holdings, Inc. (In re Home Health Corp. of Am., Inc.)*, 268 B.R. 74, 76 (Bankr. D. Del. 2001). The moving party must instead raise controlling decisions or facts that the court overlooked and "'that might reasonably be expected to alter the conclusion reached by the court'." *Key Mech. Inc. v. BDC 56 LIV (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

---

[3] The Court will utilize the terms defined in the Decision.

2

**<u>DISCUSSION</u>**

In the Decision, the Court denied the BEPCO Dismissal/Conversion Motion and granted the BEPCO Stay Relief Motion, thereby lifting the automatic stay to permit BEPCO to proceed with litigation against the Debtors ("the Proposed Lawsuit").  The Court asked the parties to submit their views on where the Proposed Lawsuit should proceed, i.e., in this Court or in Louisiana where BEPCO and Debtors had been defendants in the Tebow Action.  The Court will address BEPCO's Motion for Reconsideration, Debtors, and the GSF Entities' Motion for Clarification of portions of the Decision and, finally, decide the forum where the Proposed Lawsuit may proceed.

**1. <u>BEPCO's Reconsideration Motion</u>**

The Court is satisfied that BEPCO has met the requirements for reconsideration of the Decision, *viz.*, to correct errors of law or fact.  Accordingly, the Court will grant BEPCO's Motion for Reconsideration to reconsider the points BEPCO raises concerning deficiencies in the Decision.

The essence of BEPCO's arguments are:

1. The Court focused entirely on whether Debtors filed the Bankruptcy Cases in good faith and failed sufficiently to consider the "cause" argument under Code Section 1112(b)(4)(A).

2.    The Court's finding that the Debtors filed the cases in good faith is clearly erroneous, resulting from the Court's failure to consider BEPCO's argument that dismissal

3

is warranted not only because Debtors filed in bad faith but, equally important, that Debtors have no material assets to preserve and distribute to creditors.  BEPCO further argues that the Court misapprehended that its primary ground for dismissal is that the Bankruptcy Cases "have no reasonable prospect of making more value available to creditors than would be the case outside of bankruptcy and merely serve to frustrate legitimate creditor action."  BEPCO FOF/COL, Col12.

BEPCO's criticism[4] of the Decision is fair.  The Court did not address with sufficient particularity BEPCO's argument that the Bankruptcy Cases serve no purpose and therefore the Court should dismiss them.  Instead, the Court principally focused on whether the Debtors' filing was in bad faith.  BEPCO's Reconsideration Motion provides the opportunity to apply the Court's findings of fact and conclusions of law to BEPCO's cause argument.

BEPCO argues that the Court's analysis failed to take into account Section 1112(b) in its entirety.  The statute provides in its pertinent portions that a court **_shall_** convert or dismiss a case if a movant establishes **_cause_**.  The statute defines "cause" to include:

> (A) substantial or continuing loss to or diminution of the estate
> and the absence of a reasonable likelihood of rehabilitation.

---

[4]  Although the Court's uses the word "criticism," BEPCO, Debtors and the GSF Entities presented their arguments with respect, professionalism and appropriate forcefulness to command the Court's attention.  The Court is grateful for the opportunity to address concerns and to correct its errors and/or lack of clarity.  It is important that the Bankruptcy Cases proceed in an orderly fashion. However, the Court was surprised by BEPCO's pointed admonition that the Court should "carefully consider the motion . . . ." (BEPCO's Reconsideration Motion at 11).  The Court carefully considers all matters that come before it.  The voiced threat of an appeal therefore cannot increase that which is already paramount, namely, the Court's existing concern and sense of responsibility for its work.

11 U.S.C. § 1112(b)(4)(A). The mandated dismissal for "cause" is discretionary under Section 1112(b)(2)(B) which excuses dismissal if there is "a reasonable justification for the act or omission," and the act or omission will be cured within a reasonable time. Importantly, however, there is no escape from dismissal if the "cause" arises under Section 1112(b)(4)(A), in which case the court "shall dismiss."

The Court does not take BEPCO's arguments for dismissal lightly. The Court found that Debtors had negative cash flow and were unable to pay current expenses. Decision at 46, 47-48. The Court further concluded that the Debtors' cash situation was poor and they did not have reliable sources of income. *Id.* Under the circumstances, the Court found that the costs and expenses of the Bankruptcy Cases, including the professional fees, represent a "substantial [and] continuing loss to or diminution of the estate." Section 1112(b)(4)(A). In addition, the Debtors do not have a "reasonable likelihood of rehabilitation." *Id.* They are non-operating entities that were resuscitated from state dissolution proceedings to file for bankruptcy.

The Court agrees with BEPCO that rehabilitation is not just another word for reorganization, it means more. Rehabilitation does not include liquidation. Rehabilitation means to reestablish a business. *See, e.g., Loop Corp. v. U.S. Tr.*, 379 F.3d 511, 515-16 (8th Cir. 2004) (rehabilitation means the restoration of a business' viability, liquidation is not rehabilitation.) There are numerous similar holdings from courts in many jurisdictions. The Debtors and the GSF Entities have cited no contrary authorities.

5

The analysis does not end with the "for cause" test under Section 1112(b)(4)(A), where "shall" would appear to mandate dismissal of the Bankruptcy Cases.  The Court has discretion under Code Section 1112(b)(1) if the Court specifically finds and identifies special circumstances upon which it determines that dismissal is not in the best interests of the creditors and the estate.  The Court's denial of the motion to dismiss rests upon this provision and it is here that the Court did not articulate its findings in the Decision.

It is important to emphasize the context of the Bankruptcy Cases.  The continuing losses, diminution of the estate and unlikelihood of rehabilitation are, practically speaking, irrelevant for reasons as as obvious as they are unusual.  The Debtors are not operating and are not sustaining continuing losses.  Creditors are not being prejudiced by the continuation of the Bankruptcy Cases. On the positive side, and the statute requires a finding of "best" interests[5], the creditors' best interests are served by sustaining the Bankruptcy Cases.

Specifically, the record establishes that in the course of the Bankruptcy Cases the Debtors have accomplished the following benefits for creditors:

1.    In the Insurance Review Program, the Debtors have identified insurance policies which will inure to the benefit of the claimants, including BEPCO.

2.    Debtors have given and continue to give notice of claims to insurers for the benefit of creditors.

---

[5]  The Third Circuit has made it crystal clear that the absence of bad faith does not automatically translate into good faith. *NMSBPCSLDHP, L.P. v. Integrated Telecom Express, Inc.* (*In re Integrated Telecom Express, Inc.*), 384 F.3d 108, 127 (3d Cir. 2004).

6

3.    Debtors have preserved claims for indemnity and defense costs relating to the Tebow Action.

4.    Debtors have obtained dismissal of litigation or claims from which they otherwise might have been damaged.

The foregoing activities are efforts by Debtors, who continue to marshal and preserve assets and benefit creditors.  In addition, if BEPCO is successful in establishing *alter ego* status between Debtors and the GSF Entities, all creditors will benefit, not just BEPCO.

BEPCO pointedly refutes the benefits of Debtors' Insurance Program and suggests that the Court was badly mistaken in accepting Debtors' arguments.  The Insurance Review Program has reaped benefits for creditors and the estate and Debtors continue, as they were at the time of trial, to refine information and maintain coverage.  BEPCO's dissatisfaction with Debtors' actions to make insurance available to it and other creditors is unfounded as evidenced by BEPCO's own discussion of the coverage from which BEPCO will benefit.

The Court has carefully considered the Third Circuit's holding in *Integrated Telecom*, a leading case involving dismissal for cause.  384 F.3d at 112.  The Decision is not inconsistent with that ruling.  The debtor in *Integrated Telecom*, like the Debtors, was not an operating company and had no going concern value to preserve.  *Id.*  The Third Circuit then observed that "the question therefore becomes whether [debtor's] petition might reasonably have maximiz[ed] the value of the bankruptcy estate." (citation omitted).  The appellate court answered the question within the framework that maximizing value means "there is some

value that otherwise would be lost outside of bankruptcy. *Id.* at 120.[6] The Court of Appeals analyzed what the debtor advanced as the benefits from the bankruptcy (in particular, an asset sale) and found they were not significant. The Third Circuit's premise that the bankruptcy lacked good faith was firmly linked to the Third Circuit's conclusion that:

> The Bankruptcy Court made no finding that [debtor] was subject to "inchoate" claims that needed to be liquidated or barred. . . .

*Id.* at 127. The Court of Appeals therefore ruled that Chapter 11 protection was not necessary to protect the debtor from claims. *Id.*

Here, in contrast, the BEPCO claim and others are claims from which Debtors have requested protection. Their bankruptcies have also provided them with breathing space which Debtors have used to establish that they have insurance protection which benefits Debtors and creditors. Debtors also have gone beyond an inventory of their policies; they have triggered coverage.

An important consideration for the Court in denying the Motion to Dismiss was the fact that Debtors filed a Joint Plan of Liquidation (D.I. 222). Section 1112(a)(2)(A) specifically provides that the reasonable likelihood that a plan will be confirmed is, in combination with other factors, a basis for the Court not to dismiss the Bankruptcy Case. It is true that the Plan, as filed, is not confirmable because of its condition that BEPCO not obtain relief from the automatic stay. A revised plan is therefore necessary. The Court

---

[6] Significantly, the Third Circuit cited, with approval, *Solow v. PPI Enters. (U.S.), Inc.* (*In re PPI Enters. (U.S.), Inc.*), 324 F.3d 197 (3d Cir. 2001), in which the court affirmed denial of dismissal even though the debt was owed to the debtor's parent companies.

believes there is a reasonable likelihood that a revised plan can be confirmed and, in any event, the Court is unable and unwilling to find that Debtors will be unable to propose a confirmable plan.

### 2. Debtors' and the GSF Entities' Motions for Clarification

The Debtors and the GSF Entities have requested the Court to clarify the Decision in several respects. The Court is more than willing to assist in avoiding misperceptions which might lead to unnecessary work, time or expense for the parties, or confusion in the Proposed Lawsuit or to an appellate court.

A. Did the Court intend to permit BEPCO to
pursue Memorial in the Proposed Lawsuit?

No. Santa Fe was the named defendant in the Tebow Action. Memorial's potential liability remains to be determined in BEPCO's *alter ego* claim. BEPCO insists that it is entitled to proceed against Memorial on the basis of the Demand Note whereby Memorial agreed to be liable for Santa Fe's debts. The Demand Note does not create Memorial's direct liability to third parties such as BEPCO, nor is there any evidence that Santa Fe and Memorial intended to create third party beneficiary rights. *See Guardian Constr. Co. v. Tetra Tech Richardson, Inc.*, 583 A.2d 1378 (Del. Super. Ct. 1990) (nonparties to a contract do not acquire rights under the contract); *Insituform of N. Am. Inc. v. Chandler*, 534 A.2d 257 (Del. Ch. 1987) (third party beneficiary rights require intent to create such rights, intent to benefit the third party in consideration of a preexisting obligation and the benefit was a material term of the contract).

9

B.    Is Debtors' Declaratory Judgment Action on the *alter ego* claims viable?

Yes.  The issue of whether Debtors' estate rather than Bass owns the *alter ego* claims

remains to be decided in full.

C.    Did the Court Intend to Rule on the Underlying Merits of the Bass Claims?

No.  The Court addressed two matters in the Decision: the Motion to Dismiss and the

Motion to Lift Stay.  The merits of BEPCO's claims were not before the Court and the Court

went out of its way in the Decision to make it clear that the Court was not involved in a

merits analysis.  Clearly, the Court confined itself to determining whether BEPCO could

proceed with an action, not with making findings for use in the litigation.  The Court's

findings were limited to deciding if BEPCO satisfied the "prima facie" case requirement to

lift the stay.  Similarly, the Court did not have the *alter ego* issue before it and the Court's

findings are not directed toward the Declaratory Judgment Action.

### 3. **The Proper Forum**

The Court ruled in the Decision that BEPCO is entitled to commence litigation against

Debtors to recover for losses from the Tebow Action.  The Court deferred decision on the

appropriate forum for BEPCO's Proposed Lawsuit to permit the parties to state their

positions.

The Court is convinced that the litigation should proceed in a non-bankruptcy forum

of BEPCO's choosing, which is Louisiana.  The claims involve state law issues addressing

liability for contamination of groundwater and soil in Louisiana.  As such, Louisiana has a

10

compelling interest in such litigation, contrary to Debtors' and the GSF Entities' effort to characterize the matter as merely a two party dispute. The Tebow Action was also a case involving private litigants. No one could fairly deny Louisiana's interest in the Tebow Action. The Proposed Lawsuit will, by necessity, explore the impact of Santa Fe's use of its lease on Louisiana natural resources.[7]

Yet another consideration compelling the Court to allow the Proposed Lawsuit to proceed in Louisiana is the applicability of the Louisiana Civil Code. This Court is certainly capable of interpreting and applying this unique body of law, but does not possess the knowledge on the unique Louisiana Civil Code.[8]

BEPCO's citation to *In re Titan Energy Inc.*, 837 F.2d 325 (8th Cir. 1988) is persuasive. Butcher Capital Markets, Inc. ("Butcher") had purchased production facilities from Titan Energy, Inc. ("Titan"). Butcher sued Titan's insurer under Louisiana's statute allowing direct actions against insurers, claiming the facilities it purchased were defective. Butcher then filed for bankruptcy and the insurer sought relief from the bankruptcy court to enjoin Butcher's Louisiana state court action on grounds which included its claim that the policies were property of Titan's estate. The bankruptcy court refused to enjoin Butcher and

---

[7] An analysis, and application of the facts using *forum non conveniens* standards also favors Louisiana as the proper forum. *See Son v. Coal Equity, Inc.* (*In re Centennial Coal, Inc.*) 282 B.R. 140, 144 (Bankr. D. Del. 2002) (twelve factor test).

[8] Bankruptcy courts should defer to state courts where state law issues predominate. *Official Comm. of Unsecured Creditors v. Elkins* (*In re Integrated Health Servs. Inc.*), 291 B.R. 615, 620 (Bankr. D. Del. 2003).

11

instead abstained.  The Eighth Circuit agreed that the bankruptcy court's abstention ruling was correct.  Only Butcher was making a claim for the insurance proceeds, and Titan was beyond rehabilitation and the litigation would therefore not delay Titan's return to business.  More importantly, the Eighth Circuit decided that because the suit required application of state law contract law, it was best to allow that state's courts to rule. The court concluded that:

> Because the [insurance] policies primarily benefit Butcher, and because no other parties have asserted claims alleging coverage, the validity and scope of the policies may be adjudicated in state court without fear that other creditors or Titan itself will be irreparably harmed.

*Id.* at 333.  The same is true of BEPCO's claim and the Proposed Lawsuit will not have ramifications for other creditors.

The parties have raised a myriad of issues in their imaginative and exponentially growing donnybrook.  The bottom line is this: BEPCO's lawsuit should proceed in Louisiana against Santa Fe.  If Santa Fe prevails, the parties can return to this Court for the resolution of issues such as punitive damages (mere speculation at this point) and whether Memorial is liable under the Demand Note.  Furthermore, the Court will have resolved the *alter ego* issues by that time.

## <u>CONCLUSION</u>

The Court has reconsidered and clarified the Decision. The Court will not dismiss the Bankruptcy Cases and will permit the Proposed Lawsuit to proceed in Louisiana. An order consistent with this opinion will issue.

Dated: April 16, 2008

UNITED STATES BANKRUPTCY JUDGE

13

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

Clerk of Court                                              824 Market Street
David D. Bird                                               Wilmington, DE 19801
                                                            (302) 252-2900

**Date:  5/28/08**

To:  U.S. District Court
     District of Delaware
     U.S. Courthouse - 844 King Street
     Wilmington, DE 19801

**Re: 15375 Memorial Corporation 06-10859, ADV #06-50822**

     Enclosed is the bankruptcy Record on **Appeal #BAP 08-30**  Please acknowledge receipt
on the copy provided.

Enclosed Items:
Notice of Appeal:  BAP 08-30  docket #330    **ADV# 06-50822**
Memorandum:   docket #324
Statement of Issues on Appeal:  docket #341
Appellee Designations: docket # 346

Sincerely,
<u>Betsy Magnuson</u>
Deputy Clerk

-

  X  Filing fee paid on  4/28/08          
_____ Filing fee not paid

I hereby acknowledge receipt of the above record on appeal this _____ day of _____,
2005.

By: _____         C.A. No.: _____
    Deputy Clerk, U.S. District Court

## TRANSMITTAL SHEET FOR APPEAL SUBMITTED TO U.S. DISTRICT COURT

**Bankruptcy Case Number: 06-10859 KG**
Deputy Clerk Transferring Case: Betsy Magnuson(302) 252-2900 ext 5114
**Appeal #: BAP-08-30 Adv # 06-50822**

### Memorandum, Docket #324

**Debtors:    15375 Memorial Corporation et al**
**Counsel:** John D. Demmy, Esq
    Stevens & Lee, P.C.
    1105 North Market Street, 7th Floor
    Wilmington, DE 19801

**Telephone** 302-425-3309

### Appellant:  BEPCO f/k/a Bass Enterprises Production Company

**Counsel:**    Morris Nichols Arst & Tunnell LLP

    1201 N Market Street 18th Flr

    Wilmington De 19899

**Telephone:**    (212) 547-5400

### Appellee:    15375 Memorial Corporation et al

**Counsel:**    John D Demmy
**Telephone:**    (302) 425-3309