# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| 15375 MEMORIAL CORPORATION, et. al., | ) |
| | ) Bk. No. 06-10859-KG |
| Debtors. | ) |
| | ) Jointly Administered |
| | ) |
| _____ | ) |
| | ) |
| BEPCO LP, | ) |
| | ) Civ. A. No. 08-313-SLR |
| Appellant, | ) |
| | ) Bk. No. 06-10859 |
| v. | ) Adv. 06-50822 |
| | ) AP 08-29 |
| GLOBALSANTAFE CORPORATION, et al., | ) |
| | ) |
| Appellees. | ) |
| | ) |
| _____ | ) |
| | ) |
| BEPCO LP, | ) Civ. A. No. 08-314-SLR |
| | ) |
| Appellant, | ) Bk. No. 06-10859 |
| | ) Adv. 06-50822 |
| v. | ) AP 08-30 |
| | ) |
| SANTA FE MINERALS INC., | ) |
| | ) |
| Appellee. | ) |
| | ) |
| _____ | ) |
| | ) |
| BEPCO LP, | ) Civ. A. No. 08-321-SLR |
| | ) |
| Appellant, | ) Bk. No. 06-10859 |
| | ) Adv. 06-50822 |
| v. | ) AP 08-29 |
| | ) |
| GLOBALSANTAFE CORPORATION, | ) |

| | |
|---|---|
| et al., | ) |
| | ) |
| Appellees. | ) |
| | ) |
| ———————————————— | ) |
| | ) |
| BEPCO LP, | ) Civ. A. No. 08-322-SLR |
| | ) |
| Appellant, | ) Bk. No. 06-10859 |
| | ) Adv. 06-50822 |
| v. | ) AP 08-30 |
| | ) |
| GLOBALSANTAFE CORPORATION, | ) |
| et. al., | ) |
| | ) |
| Appellees. | ) |
| | ) |
| ———————————————— | ) |

## MEMORANDUM ORDER

At Wilmington this 3rd day of July, 2008, having reviewed Bepco LP's ("Bepco"'s) motion for certification of the above-captioned actions for direct appeal and the papers filed in connection therewith;

IT IS ORDERED that said motion[1] is denied, for the reasons that follow:

1. Bepco seeks a direct appeal of the bankruptcy court's findings of fact and conclusions of law (Bk. D.I. 291) and memorandum opinion on reargument (Bk. D.I. 323) to the Third Circuit pursuant to 28 U.S.C. § 158(d)(2).[2]

---

[1] Filed at Civ. A. No. 08-313, D.I. 6; Civ. No. 314, D.I. 5; Civ. No. 08-321, D.I. 6; Civ. No. 08-322, D.I. 6.

[2] "The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that –

2. Bepco asserts that "[a]bsent an expedited consideration of these appeals, there is a substantial risk that Bepco's ability to obtain meaningful appellate review of the Bankruptcy Court's decisions refusing to dismiss these [chapter 11 cases] will be mooted." (Civ. No. 08-313, D.I. 6 at 5) Specifically, Bepco claims that the amended plan being pursued by the debtors "contains impermissible third party releases and injunctions" and would deny Bepco any ability to recover from non-debtor GSF entities. (Id. at 6)

3. As an initial matter, a revised plan has not yet been confirmed, and Bepco's request is untimely. Secondly, any risk of Bepco's appeals being mooted via the debtors' plan process moving forward should have been addressed first by a request by Bepco for a stay of these proceedings pending appeal, not a request for certification.

4. Bepco further asserts that three questions of law warrant direct appeal: (1) "whether the Bankruptcy Court, once it finds 'cause' under section 1112(b)(4)(A) of the Bankruptcy Code based on 'substantial or continuing loss to or duration of the estate and the absence of a reasonable likelihood of rehabilitation,' retains the discretion under section 1112(b) of the Bankruptcy Code not to dismiss or convert the case or appoint a trustee"; (2) "whether the Bankruptcy Court erred in not dismissing the

---

      (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
      (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
      (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;

and if the court of appeals authorizes the direct appeal of the judgment, order, or decree." 28 U.S.C. § 158(d)(2).

Debtors' chapter 11 cases for lack of good faith"; and (3) "whether Santa Fe, as a dissolved corporation, remains eligible to be a debtor under chapter 11 of the Bankruptcy Code" insofar as its dissolution was irrevocable prior to filing. (Id. at 7)

5. The court finds that a pure question of law has not been stated. Bankruptcy Code sections 1112(b)(1) and (b)(2) provide that the bankruptcy court has discretion not to convert or dismiss the cases upon its finding that "unusual circumstances" exist that establish that conversion or dismissal is not in the creditors and the estate's best interests. Bepco ultimately seeks a review of whether such "unusual circumstances" exist on the record. This review is necessarily fact-intensive,[3] as is a review of that court's determination that no lack of good faith exists on the part of the debtors.[4] Such factual issues preclude a direct appeal.

6. Finally, as Judge Gross has previously noted, the question of whether Santa Fe maintains a corporate existence sufficient to be an eligible chapter 11 debtor

---

[3] Judge Gross denied Bepco's motion to dismiss upon finding that, inter alia, the debtors are not sustaining continuing losses, "[c]reditors are not being prejudiced by the continuation of the bankruptcy cases," and the debtors have established several programs which ultimately benefit the creditors. See Bk. No. 06-10589, memorandum opinion on reargument, at 6-7 (found at Civ. No. 08-313, D.I. 6, pt. 2 at 99-100) (hereinafter, "Memorandum Opinion").

[4] Judge Gross found that

> the Bepco claim and others are claims from which debtors have requested protection. Their bankruptcies have also provided them with breathing space which debtors have used to establish that they have insurance protection which benefits debtors and creditors. Debtors have also gone beyond an inventory of their policies; they have triggered coverage.

Memorandum opinion at 8. In addition, the Judge noted that the debtors filed a joint plan of liquidation. Id.

3

(pursuant to 11 U.S.C. § 109(d)) involves the application of state law;[5] this "determination rests on the existence of the corporation after dissolution."[6] See In re 15375 Memorial Corp., 382 B.R. 652, 681 (D. Del. 2008) (citations omitted). This is not a legal issue appealable to the Third Circuit.

7. In sum, Bepco's motion is untimely and, notwithstanding, voices nothing more than a disagreement with the disposition of this case by the bankruptcy court. Bepco's motion for certification is denied.

                                                                           _/s/_____
                                                                  United States District Judge

---

[5] In the case at bar, the law of Wyoming.

[6] Judge Gross found that, "[b]ecause Wyoming law provides for Santa Fe to maintain its corporate existence to wind up its affairs, Santa Fe's existence as of the Petition Date was sufficient for it to be an eligible debtor, and to file its Chapter 11 petition." In re 15375 Memorial Corp., 382 B.R. at 681.

4